```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


JOSEPH A. WILLIAMS, III,       §
                               §
    Plaintiff,                 §
                               §
v.                             §    CIVIL ACTION NO. H-11-03139
                               §
THE BANK OF NEW YORK MELLON    §
TRUST COMPANY, N.A. FKA THE    §
BANK OF NEW YORK,              §
                               §
    Defendant.                 §
```

MEMORANDUM AND ORDER

Pending are Defendant's Motions to Dismiss (Document No. 4) and for Leave to Supplement its Motion to Dismiss (Document No. 15).[1]  After carefully considering the motions, response, reply, and applicable law, the Court concludes that both motions should be granted and this case should be dismissed.

I.  Background

In October 2005, Plaintiff Joseph A. Williams, III ("Plaintiff") executed a Deed of Trust in favor of Countrywide Home Loans, Inc. to secure repayment of a loan evidenced by a promissory note ("Note").[2]  The Deed of Trust designates Mortgage Electronic

---

[1] Defendant's Motion for Leave to Supplement its Motion to Dismiss, to which Plaintiff filed no response in opposition, is GRANTED.

[2] Document No. 1, ex. 7 ¶ 7 (First Am. Pet.).

Registration Systems, Inc. ("MERS") and its successors and assigns as the "beneficiary of this Security Instrument"[3] and "as nominee for Lender and Lender's successors and assigns."[4] The Deed of Trust further provides that MERS has "the right to foreclose and sell the Property" situated at 7207 San Pablo, Houston, Texas 77083 ("Property"), a home owned by Plaintiff.[5]

A notice of substitute trustee's sale dated July 5, 2011 named the Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York ("Defendant") as the current mortgagee on the Property and listed Bank of America as the mortgage servicer.[6] On July 18, 2011, Plaintiff sent to Defendant, through its servicer, a Request for Validation of Debt ("RVD") letter.[7] Defendant responded by providing a copy of the Note,[8] a statement of the amount owed, a

---

[3] Document No. 1, ex. 7, ex. A [hereinafter "Deed of Trust"] at 2 ("Transfer of Rights in the Property").

[4] Deed of Trust at 2 ¶ E.

[5] Id. at 3.

[6] Document No. 1, ex. 7, ex. B ("Notice of Sale"). Plaintiff also claims in his First Amended Petition that he "has not received in writing of any notice or substitute of trustee," Document No. 1, ex. 7 ¶ 16, but Plaintiff attaches to his pleadings the Notice of Substitute Trustee Sale which names in the disjunctive three substitute trustees. Id., ex. 7, ex. B. The Deed of Trust requires only that "Lender, at its option and with or without cause, may . . . remove or substitute any trustee . . . without the necessity of any formality other than a designation by Lender in writing." Deed of Trust at 10 ¶ 24.

[7] Document No. 1, ex. 7 at 3 ¶ 10 & ex. C.

[8] Id. ¶ 11-12 & ex. E.

copy of the Deed of Trust, and an Assignment of Deed of Trust/Mortgage ("Assignment") to Defendant.[9]  Plaintiff alleges that the Assignment is fraudulent and insufficient to transfer to Defendant the Note and Deed of Trust.[10]  Plaintiff seeks a declaratory judgment that the Assignment is invalid and unenforceable and an injunction to restrain Defendant from entering or taking possession of the home, foreclosing on the home, or "attempting to purchase, transfer, assign or collect on the Mortgage."[11]

Defendant contends that (1) Defendant is the mortgagee based on the assignment from MERS, and, as such, has the right to foreclose; and (2) Plaintiff's fraudulent lien claim under section 12.002 of the Civil Practice and Remedies Code should be dismissed because the Deed of Trust provides that MERS, as nominee, may act for the lender and the lender's successors and assigns, and therefore the Assignment was not fraudulent.  Defendant also contends that Plaintiff does not plead facts to establish the elements of his fraudulent lien claim.

---

[9] *See* id., ex. E.

[10] Id. at 3-4.

[11] Id. at 5.

II.   Analysis

A.   Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual

4

allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

B.  Discussion

The Deed of Trust,[12] executed by Plaintiff as "Borrower," provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (*as nominee for Lender and Lender's successors and assigns*) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to *take any action required of Lender* including, but not limited to, releasing and canceling this Security Instrument.

---

[12] The following documents were attached to Plaintiff's First Amended Petition and are therefore part of the pleadings that may be considered on a Motion to Dismiss: the Deed of Trust (Ex. A); Notice of Substitute Trustee's Sale (Ex. B); the Request for Validation of Loan ("RVD") (Ex. C); Defendant's Response (via ReconTrust) to the RVD, including a copy of the Deed of Trust, the Note, the Assignment, a Payoff Demand Statement listing the amount owed, and a loan history outlining the transactions for the loan (Ex. E).  *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting that a court may look to documents attached to the pleadings in considering a motion to dismiss, and further that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim'" (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

Deed of Trust at 3 ¶ R ("Transfer Rights in the Property") (emphasis added). MERS is a "book entry system" and a "mortgagee" under section 51.0001 of the Texas Property Code.[13] *See* Richardson v. CitiMortgage, Inc., No. 6:10CV119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (Guthrie, M.J.); James v. Wells Fargo Bank, N.A., No. 3:11-CV-2228-B, 2012 WL 778510, at *3 (N.D. Tex. Mar. 12, 2012) (Boyle, J.). Plaintiff argues that MERS did not have the authority to assign the Deed of Trust, but this contention directly contradicts the plain language therein. The Deed of Trust not only designates MERS as beneficiary, but also names MERS as the nominee for Lender and Lender's successors and assigns,[14] with express authority for MERS "to foreclose and sell the Property; and to take *any action required of Lender* including, but not limited to, releasing and canceling this Security Instrument."[15] MERS, therefore, as nominee for Lender has the right to foreclose on the property and the power of sale. *See* Richardson, 2010 WL 4818556, at *5 ("Under Texas law, where a deed of trust, as here, expressly provides for [a party] to have the power of sale, then [that party]

---

[13] A "Book entry system" is defined as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." TEX. PROP. CODE § 51.0001(1). A "mortgagee" is defined as, *inter alia*, a "book entry system," or a "beneficiary . . . of a security instrument." Id. § 51.0001(4)(A)&(B).

[14] *See* Deed of Trust at 2 ¶ E.

[15] Id. at 3 (emphasis added).

has the power of sale." (citing Athey v. MERS, 314 S.W.3d 161, 166 (Tex. App.--Eastland 2010, pet. denied) (holding that MERS had the authority to foreclose on the property as mortgagee under the Deed of Trust even though it was not the holder of the note))).

Consequently, because the Deed of Trust authorized MERS to foreclose, sell, and "to take any action required of the Lender," Plaintiff's challenge of MERS's assignment is baseless. *See* James, 2012 WL 778510, at *3 (where, as here, the Deed of Trust expressly provides for MERS to have the power of sale, and MERS is the nominee for the lender and its successors and assigns, "MERS had the authority to transfer the rights and interests in the Deed of Trust"); Dubrock v. GMAC Mortgage LLC, No. 4:11CV324, 2012 WL 629397, at *1 (E.D. Tex. Feb. 27, 2012) ("Various opinions within the Fifth Circuit have rejected Plaintiff's argument that MERS' assignment of the mortgage was invalid and, without any factual distinctions by Plaintiff here, the Court declines to re-plow well harvested ground." (collecting cases)).

Plaintiff nonetheless argues that Defendant must produce the Note and prove that it is the holder in order to foreclose. Courts in this district and elsewhere have repeatedly rejected this argument. *See* Bell v. Bank of America Home Loan Servicing LP, No. 4:11-cv-02085, 2012 WL 568755, at *4 (S.D. Tex. Feb. 21, 2012) (Ellison, J.); Santarose v. Aurora Bank FSB, No. H-10-720, 2010 WL 2232819, at *5 (S.D. Tex. June 2, 2010) (Atlas, J.); Kazmi v. BAC

Home Loans Servicing, L.P., 2012 WL 629440, at *7 (E.D. Tex. Feb. 3, 2012) (Mazzant, M.J.), Wigginton v. Bank of New York Mellon, No. 3:10-CV-2128-G, 2011 WL 2669071, at *2 n.2 (N.D. Tex. July 7, 2011) (Fish, J.); Anderson v. CitiMortgage, Inc., No. 4:10-CV-398, 2011 WL 1113494, at *4 (E.D. Tex. Mar. 24, 2011) (Mazzant, M.J.); Richardson, 2010 WL 4818556, at *5; Eskridge v. Fed. Home Loan Mortg. Corp. et al., No. 6:10-CV-00285-WSS, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (Smith, J.); Athey, 314 S.W.3d at 166; Powell v. BAC Home Loans Servicing, LP, No. 4:11-CV-80, 2011 WL 5837250, at *6 (E.D. Tex. Nov. 21, 2011) (Mazzant, M.J.) (collecting cases); *see also* Tex. Prop. Code § 51.002(a)-(h) (listing the procedures and requirements for non-judicial foreclosure in Texas, which do not include producing original note). Plaintiff fails to state a claim for which relief can be granted based on his contention that Defendant must produce the Note.

Plaintiff's objection to the Assignment as a fraudulent lien is also unavailing. Plaintiff's sole basis for challenging the Assignment is that it recites that MERS assigns to Defendant both the Deed of Trust and the Note. Plaintiff argues that because MERS was not the original payee of the Note it cannot assign it. The broad authority conferred upon MERS in the Deed of Trust to act in exercising "any and all" of Lender's interests has been observed above. Moreover, "a transfer of an obligation secured by a note

8

also transfers the note because the deed of trust and note are read together to evaluate their provisions. . . .  In short, there is no merit to Plaintiffs' argument that the Deed of Trust and Note were split, rendering any attempted foreclosure defective." Bell, 2012 WL 568755, at *4 (quoting Cannon v. JP Morgan Chase Bank, N.A., No. 4:11-CV-458, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011) (internal citations omitted)); *see also* Eskridge, 2011 WL 2163989, at *5.  The Assignment, which was notarized, filed, and recorded in the Fort Bend County Clerk's office, bears no indicia of fraud, nor does Plaintiff plead facts to "raise a right to relief above a speculative level." Twombly, 127 S. Ct. at 1965.  Plaintiff merely asserts that the document is fraudulent, which is a legal conclusion "not entitled to the assumption of truth." Iqbal, 120 S. Ct. at 1950.  Therefore, Plaintiff's conclusory allegation of fraud under section 12.002 of the Texas Civil Practice and Remedies Code also fails to state a claim for which relief can be granted.[16]

III.  Order

For the foregoing reasons, it is

---

[16] Plaintiff asks to replead, but given that he already has filed two petitions--the first in July 2011, and an Amended Petition in August, 2011--without stating a cause of action upon relief can be granted, and even now nine months later has not identified any claim that would be viable, the request is DENIED.

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 4) is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED in Houston, Texas, on this 24th day of April, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE